UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHERINE J. LEE,

                Plaintiff,

       vs.                                   5:03-CV-1329; 5:06-CV-949

CITY OF SYRACUSE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

BOSMAN LAW OFFICE               A.J. BOSMAN, ESQ.
Attorneys for Plaintiff
6599 Martin Street
Rome, NY  13440

CORPORATION COUNSEL       MARY ANNE DOHERTY, ESQ.
CITY OF SYRACUSE
Attorneys for Defendant
233 East Washington Street
Room 301 City Hall
Syracuse, NY  13202

DAVID N. HURD
United States District Judge

## **O R D E R**

### I. **INTRODUCTION**

In a March 19, 2012, Order, plaintiff was stayed from all efforts to enforce the judgment entered in this action on July 16, 2010.  Dkt. No. 247.  This order also directed that if defendant did not file a writ of certiorari, or if such a writ was denied, plaintiff was permitted to file an application for reasonable attorneys' fees and costs related to defendant's appeal to

the United States Court of Appeals for the Second Circuit and for post-judgment interest.

On April 30, 2012, the United States Supreme Court denied defendant's petition for a writ of certiorari. City of Syracuse v. Lee, 132 S. Ct. 2113 (2012). On May 3, 2012, defendant issued two checks to cover the face amount of the judgment ($602,951.61).

On May 21, 2012, plaintiff filed an application for attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k). Dkt. No. 255. Defendant has opposed. Dkt. No. 258. Also, defendant seeks an order canceling the supersedeas bond that had been secured in the amount of the judgment entered on July 16, 2010. Dkt. No. 256. Plaintiff opposes this request. Dkt. No. 257. Both applications were considered on submission without oral argument.

## II. STANDARD

Costs other than attorneys' fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k), attorneys' fees may be awarded to a prevailing party in, inter alia, civil rights and Title VII litigation as part of the costs imposed.

Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours. See Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). The reasonable hourly rate should be "'what a reasonable, paying client would be willing to pay' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Id. (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112, 118 (2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008)). This Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in

which the reviewing court sits in calculating the presumptively reasonable fee." Id. (internal quotation marks omitted).

Until recently, the applicable rate for an experienced attorney in the Northern District has been $210 per hour. See Picinich v. United Parcel Serv., No. 5:01-CV-1868, 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008) (McCurn, S.J.). However, the prevailing hourly rate that a reasonable, paying client would be willing to pay in this district "is now higher than $210." Luessenhop v. Clinton County, 558 F. Supp. 2d 247, 266 (N.D.N.Y. 2008) (Treece, M.J.) (applying an hourly rate of $235). Therefore, a reasonable rate of $225 per hour for an experienced attorney will be applied to reflect this gradual upward adjustment. Additionally, it is customary in this district to allow only one-half the hourly rate for travel time. The prevailing hourly rate for a paralegal is $80. Picinich, 2008 WL 1766746, at *2.

Unnecessary and excessive hours must be eliminated, and attorneys' fees must be limited to those claims in which the plaintiff achieved success. Hensley v. Eckerhart, 461 U.S. 424, 430, 103 S. Ct. 1933, 1938 (1983); Barfield v. N.Y.C. Health & Hosp. Corp., 537 F.3d 132, 152 (2d Cir. 2008).

## III. DISCUSSION

Plaintiff seeks attorneys' fees of $57,990.00 plus costs of $4084.74, for the total sum of $62,074.74. This is based on 159.55 hours of legal services at $250 per hour, 6 hours of travel at $125 per hour, and 173.8 hours of paralegal services at $100 per hour, for a total of 339.35 hours. Defendant asserts that plaintiff is seeking fees at an unreasonable rate, for excessive hours and duplicative services, and provides vague explanations of the services rendered. Defendant also requests a reduction based upon plaintiff's limited success on appeal.

The submissions have been reviewed, and the above standards have been applied. The Second Circuit affirmed the jury verdict and damages award in favor of plaintiff and against defendant. Plaintiff is thus a "prevailing party." However, her cross-appeal was unsuccessful. Plaintiff's submissions do not distinguish between the legal work performed in opposition to defendant's appeal and in support of her cross-appeal. Therefore, her attorney's and paralegal's hours must be reduced by a reasonable estimate (30%) to reflect the legal work on the cross-appeal. The travel hours claimed are appropriate, and the costs are reasonable. As a result, the following reasonable attorneys' fees, paralegal fees, travel, and costs for the legal services related to the defendant's appeal are awarded:

| | | | | | |
|---|---|---|---|---|---|
| Attorneys' fees: | 111.68 hours | X | $225 | = | $25,128.00 |
| Travel: | 6.0 hours | X | $112.50 | = | $675.00 |
| Paralegal fees: | 121.66 hours | X | $80 | = | $9732.80 |
| Costs: | | | | = | $4084.74 |
| Total: | | | | = | $39,620.54 |

As noted, defendant has issued two checks in the total amount of $602,951.61—$400,000.00 to plaintiff Katherine Lee and $202,951.61 to plaintiff's counsel.[1] This amount equals the total secured by the supersedeas bond that defendant established through the Hanover Insurance Company on August 3, 2010.[2] However, these payments are not a full

---

[1] Although the checks are dated March 2, 2012, it is undisputed that they were not released to plaintiff's counsel until May 3, 2012.

[2] Defendant seeks an order canceling two bonds—one for $202,951.61 and the other for $400,000.00. See Dkt. No. 256. However, only one bond was filed in this case, reflecting a total amount of $602,951.61. See Dkt. No. 226 (Bond No. BJS-8807125). In fact, defendant only referenced one bond in its
(continued...)

satisfaction of the judgment entered on July 16, 2010. Post-judgment interest at the statutory rate on the total amount of the judgment ($602,951.61) from July 16, 2010, to May 3, 2012, is still owed to plaintiff pursuant to 28 U.S.C. § 1961(a).

Therefore, it is

ORDERED that

1. Plaintiff is awarded additional attorneys' fees and costs in the total amount of $39,620.54;

2. The Clerk of the Court is directed to enter a supplemental judgment in favor of the plaintiff Katherine J. Lee and against the defendant City of Syracuse in the amount of $39,620.54;

3. Defendant's request to cancel the supersedeas bond issued by the Hanover Insurance Company (BJS-8807125) is GRANTED; and

4. The March 19, 2012, Order is VACATED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: July 12, 2012
       Utica, New York.

---

[2](...continued)
March 7, 2012, motion for a temporary restraining order. See Dkt. No. 241-2 (referencing Bond No. BJS-8807125).